

OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS
JOHN CORNYN

April 20, 2000

The Honorable Chris Harris
Chair, Senate Committee on Administration
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0213

Re: Whether the "fraudulent filing" provisions of the Business and Commerce Code apply to those transactions excepted under section 9.104 thereof (RQ-0154-JC)

Dear Senator Harris:

You have requested our opinion as to whether the "fraudulent filing" provisions of section 9.412 of the Business and Commerce Code apply to those transactions excepted under section 9.104. For reasons that appear below, we conclude that they do not apply.

Your letter refers to sections 9.104 and 9.412, which are found in the present version of chapter 9 of the Business and Commerce Code and are effective until July 1, 2001, as well as to sections 9.109(d) and 9.5185, which are part of an amended and renumbered chapter 9 that will take effect on July 1, 2001. On July 1, 2001, the provisions in section 9.104 will be found in section 9.109, and the provisions in section 9.412 will be found in section 9.5185. *See* Act of May 17, 1999, 76th Leg., R.S., ch. 414, §§ 1.01, 3.10, 1999 Tex. Gen. Laws 2639, 2650, 2656, 2711, 2750. In this opinion, we refer to the present version of chapter 9.

Section 9.412 of the Business and Commerce Code provides, in relevant part:

(a) A person may not intentionally or knowingly present for filing or cause to be presented for filing a financing statement if the person knows that the financing statement:

(1) is forged;

(2) contains a material false statement; or

(3) is groundless.

TEX. BUS. & COM. CODE ANN. § 9.412(a) (Vernon Supp. 2000). There follows a statement of criminal penalties for violation of subsection (a) and a provision for civil relief of a property owner injured thereby. *See id.* § 9.412(b), (d).

Section 9.412 was first enacted in 1995[1] in response to a wave of spurious court filings by individuals who were attempting to challenge the sovereignty of the government of the State of Texas. *See* Tex. Att'y Gen. LO-98-016 (county clerk required to provide notice if fraudulent filing is suspected); *see also* Tex. Att'y Gen. DM-389 (1996). The bill analysis for the 1997 amendment to section 9.412 declares:

> [Individuals and organizations] have filed fraudulent judgment liens issued by so-called "common law courts" and fraudulent documents purporting to create liens or claims on personal and real property with the secretary of state and many county and district court clerks throughout the state. Many of the filings have been against the State of Texas and public officers and employees, as well as private individuals. These filings have clogged the channels of commerce and have amounted to harassment and intimidation of both public officials and ordinary citizens. This bill provides both civil and criminal remedies for those against whom such fraudulent filings have been made.

SENATE COMM. ON JURISPRUDENCE, BILL ANALYSIS, Tex. H.B. 1185, 75th Leg., R.S., (1997). Representatives of a number of financial trade associations have expressed concern that section 9.412 "could inadvertently create an opportunity for individuals to remove valid liens or claim damages for consensual or valid transactions. . . . Absent a clear and careful reading of the definition [of fraudulent filing], this section can be used to destroy commerce in the state of Texas by disrupting normal debtor/creditor relationships." Letter from Karen M. Neeley, Independent Bankers Ass'n of Texas, John Heasley, Texas Bankers Ass'n, J. Eric T. Sandberg, Texas Savings & Community Bankers Ass'n, to Elizabeth Robinson, Chair, Opinion Committee, Office of the Texas Attorney General, at 2 (Jan. 5, 2000) (on file with Opinion Committee).

Section 9.104 of the Business and Commerce Code, styled "Transactions Excluded From Chapter," provides that "[t]his chapter does not apply" to thirteen kinds of transactions described in the section. You ask whether section 9.412 applies to these thirteen transactions. The answer is clear. No part of chapter 9 is applicable to a transaction listed in section 9.104. Section 9.412 is a part of chapter 9. As a result, section 9.412 is not applicable to a transaction listed in section 9.104.

We conclude that the "fraudulent filing" provisions of section 9.412 of the Business and Commerce Code do not apply to any transaction listed in section 9.104 thereof.

---

[1] *See* Act of May 24, 1995, 74th Leg., R.S., ch. 547, § 1, 1995 Tex. Gen. Laws 3316.

## S U M M A R Y

The "fraudulent filing" provisions of section 9.412 of the Business and Commerce Code do not apply to any transaction listed in section 9.104 thereof.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee